IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL DON DENTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:12-CV-0192 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY
RESPONDENT'S MOTION TO DISMISS**

On June 14, 2013, the undersigned issued a Report and Recommendation recommending respondent's motion to dismiss be granted, and that the petition for writ of habeas corpus filed by petitioner, Michael Denton, be dismissed as barred by the one-year limitations period. On July 17, 2013, petitioner Denton filed objections to that Report and Recommendation. Although those objections are difficult to follow, it appears Denton is arguing he was not aware of his ineffective assistance of appellate counsel claim until his state writ of habeas corpus was denied on September 21, 2011. Respondent has not filed a reply to Denton's objections. After reviewing petitioner's objections, the undersigned finds and recommends that the June 14, 2013 Report and Recommendation not be adopted, and instead, for the reasons set out below, that respondent's motion to dismiss be DENIED.

Petitioner Denton was convicted of two offenses of delivery of a controlled substance and

was sentenced to four (4) years deferred adjudication probation. In March 2010, Denton's deferred adjudication was revoked and he was sentenced to the Texas Department of Criminal Justice for twenty (20) years. Petitioner retained counsel for his direct appeal of the revocation. At some point during the direct appeal, and apparently after some or all of the briefing deadlines had been missed, the direct appeal was dismissed by Denton upon advice from appellate counsel. According to Denton, his appellate attorney advised him the better way to proceed would be to dismiss the direct appeal and file a state writ of habeas corpus. After the direct appeal was dismissed, retained counsel filed a state writ of habeas corpus on June 22, 2011, alleging the trial court abused its discretion in failing to hold a hearing on petitioner's motion for new trial and alleging that counsel, at the revocation hearing, was ineffective for failing to call witnesses and for not allowing petitioner to testify. The state habeas corpus petition was denied without written order on September 21, 2011. On June 8, 2012, petitioner Denton filed a *pro se* state habeas corpus application alleging ineffective assistance of appellate counsel for advising petitioner to dismiss his direct appeal and proceed with petitions for writs of habeas corpus instead. On August 1, 2012, the *pro se* state habeas applications were dismissed for abuse of the writ. Petitioner Denton then filed, by signing and depositing into the prison mail, his federal habeas corpus application on September 1, 2012. The federal petition was received by the Court and file-marked on September 4, 2012.

At the latest, petitioner's conviction became final November 28, 2010, thirty days after his direct appeal was dismissed.[1] If the one-year limitations period began on the date the conviction became final, then petitioner's federal habeas corpus petition would have been due on

---

[1] Respondent contends the conviction became final on October 28, 2010, the date his appeal was dismissed. Whether the conviction became final on October 28, 2010, or November 28, 2010, is not critical.

or before November 28, 2011. Petitioner is entitled, however, to statutory tolling for the time his state habeas petition was pending from June 22, 2011 until September 21, 2011, or for a period of ninety-two days. Adding ninety-two days to the November 28, 2011 due date would extend the time for petitioner to file his federal petition until February 28, 2012. Petitioner would not be entitled to any tolling while his second state habeas petition was pending since it was not filed until after the February 28, 2012 deadline, that is, on June 8, 2012. Under that scenario, calculating the limitations period from the date the conviction became final, the federal petition filed September 1, 2012, would be time barred.

If, however, petitioner's claims did not accrue until his first state habeas application was dismissed on September 21, 2011, then the federal petition filed September 1, 2012, would be timely by approximately twenty days without consideration of any tolling. Petitioner contends his cause of action accrued on September 21, 2011, because that is the date the factual predicate of his claim could have been discovered, *i.e.*, that is the date he learned the factual basis of his allegation of ineffective assistance of appellate counsel.

Petitioner Denton presents a legitimate argument. If, as he contends, he was merely following the advice of his retained attorney who he contends advised him that the best course of action would be to dismiss the direct appeal and proceed only on a writ of habeas corpus, then an argument can be made that petitioner was justified in relying on his attorney's advice and had no reason to doubt that advice until it was established or became evident that the advice was incorrect, *i.e.*, until his state habeas corpus petition was denied. If petitioner was not aware of the factual basis of his ineffective assistance of appellate counsel claim until after his conviction became final, then the limitations period would not begin when the conviction became final, but

instead, pursuant to 28 U.S.C. § 2244 (d)(1)(D), would begin at a later date, the date the factual predicate of the claim could have been discovered, *i.e.*, September 21, 2011. Since the limitations period runs from the latest of the dates calculated under § 2244 (d)(1)(A), through (D), then the limitations period would not expire until September 21, 2012, and the September 1, 2012 petition would be timely.[2]

Consequently, after review of petitioner Denton's objections, the Magistrate Judge is of the opinion his claim of ineffective assistance of appellate counsel was not discoverable by him until counsel's advice was arguably shown to be faulty, that is, when the state habeas corpus petition was denied on September 21, 2011. Treating September 21, 2011, as the date when the factual predicate of petitioner Denton's state habeas corpus claim became discoverable, then limitations would not run until after Denton's federal petition, signed September 1, 2012, and filed September 4, 2012, was timely.

Based upon the above, it is the recommendation of the undersigned Magistrate Judge to the United States District Judge that respondent Stephens' motion to dismiss be DENIED.

IT IS SO RECOMMENDED.

ENTERED this 19th day of August, 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

---

[2] While it is entirely possible issues could arise whether the decision by counsel to dismiss the direct appeal and proceed only with the state habeas corpus application was a matter of trial strategy or whether Denton was prejudiced if appellate counsel was in fact ineffective, those issues are not ripe for determination until the merits of the petition are reached.

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).