UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL DON DENTON | § | |
| | § | |
| vs. | § | NO. 2:12–CV–0192 |
| | § | |
| WILLIAM STEPHENS | § | |

# OBJECTION TO THE REPORT AND RECOMMENDATION

**To the Honorable Judge of Said Court:**

Michael Don Denton files this Objection to the Report and Recommendation regarding his Motion to issue the writ of habeas corpus.

## I.

*Background*

On March 17, 2015, the Court granted a writ of habeas corpus conditioned on the respondent affording the petitioner an out of time appeal within 60 days; otherwise the petitioner's convictions are to be vacated:

> The Writ of Habeas Corpus vacating petitioner's convictions should issue unless petitioner is *afforded* an out of time appeal with the assistance of counsel within sixty (60) days from the date of this order.

*Denton v. Stephens*, 2015 WL 1239379, at *1 (N.D.Tex., March 17, 2015) (Exhibit A to this Motion) (emphasis added). The state trial court appointed

undersigned counsel to represent the petitioner in state appellate court. The sixty-day grace period expired at the end of May 16, 2015, but even as of the date of the filing of these objections, June 24, 2015, the Seventh Court of Appeals of Texas has not decided whether jurisdiction lies to hear the appeal.

On May 31, 2015, the petitioner filed a motion asking that the writ issue, arguing that since the respondent took no action within the sixty-day limit to ensure that jurisdiction would lie to hear the State appeal, *and* since the Seventh Court of Appeals was uncertain of its jurisdiction even after the time expired, the petitioner had not been afforded an appeal within the time the Court set. The petitioner's motion was referred to the United States Magistrate.

## II.

*The Report and Recommendation*

The Report and Recommendation states that in the present circumstances, the petitioner "*is* currently being 'afforded an out-of-time appeal with the assistance of counsel' … There has not been a violation of this court's order…" (Report, p. 2) (emphasis added). The Report and Recommendation concludes that a writ of habeas corpus should not issue at present, but that the petitioner should be able to re-file his Motion if the Seventh Court of Appeals decides it lacks jurisdiction to hear his appeal. (Report, p. 2).

## III.

*The Term "Afforded" Requires More than the Mere <u>Possibility</u> of the Action Required*

In its Order the Court ruled that the petitioner must be "*afforded*" an out-of-time of appeal within sixty days, and if the State did not so afford such an appeal, his convictions were to be vacated. *Denton*, 2015 WL 1239379, at *1.

And affording the mere *possibility* of an appeal within sixty days is not sufficient for this purpose. The only step State officials took in this regard was to appoint undersigned counsel, who promptly filed a notice of appeal and other preliminary appellate documents. And where a state appeal is provided, the procedure must entail "meaningful appellate review." *Evitts v. Lucey,* 469 U.S. 387, 393, 105 S.Ct. 830, 834, 83 L.Ed.2d 821 (1985); *Draper v. Washington,* 372 U.S. 487, 497, 83 S.Ct. 774, 780, 9 L.Ed.2d 899 (1963). "To afford" in this sense, as well, is defined as "to provide, furnish, give, grant or confer." *United States v. Atwater*, 3 C.M.R. 661, 662 (U.S.A.F. Bd. of Review, 1952), quoting Webster's International Dictionary, Second Edition, Unabridged, 1942. Due to the State's inaction and its consequent failure to obtain an order from the Court of Criminal Appeals for an out-of-time appeal – which would have invoked the court of appeals' jurisdiction – the petitioner has not been afforded, *i.e.*, provided, furnished, given, granted or conferred, as per *Atwater*, a true appeal.

The plain import of the Court's Order means that, within sixty days, the State must assure that the petitioner is granted a process of "meaningful appellate review." *Denton*, 2015 WL 1239379, at *1; *Evitts,* 469 U.S. at 393; *Draper v. Washington,* 372 U.S. at 497. But Seventh Court of Appeals, after more than *ninety* days, has not decided whether it has sufficient jurisdiction to follow the Court's Order, *i.e.*, it has not resolved whether it can provide the petitioner "meaningful appellate review." Nor could the Seventh Court of Appeals have done so within the sixty-day time limit, in light of the respondent State's failure to address the matter and to take steps to ensure, within that time allowed, that jurisdiction would lie in its court of appeal to fulfill this Court's Order.

In short, the State accordingly has self-evidently *not* "afforded an out of time appeal with the assistance of counsel within sixty (60) days from" March 17, 2015. *Denton*, 2015 WL 1239379, at *1. Accordingly, the Court's alternative relief – the vacating of the petitioner's convictions – will properly be imposed now.

The petitioner requests that the Court disregard the Report and Recommendation and issue forthwith the writ of habeas corpus vacating his convictions.

Respectfully submitted,

/s/ JOHN BENNETT
John Bennett
Post Office Box 19144
Amarillo, Texas 79114
(806) 282-4455
Fax: (806) 398-1988
State Bar Number 00785691
AppealsAttorney@gmail.com
Attorney for the appellant

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above Objection was served on Warren Clark, Esq., Assistant District Attorney for Randall County, by United States Mail, first class postage prepaid, to him at 2309 Russell Long Blvd., Canyon, TX 79015, and on Sallie Christian-Carnal, Assistant Attorney General, by United States Mail, first class postage prepaid, to her at P.O. Box 12548, Capitol Station, Austin, TX 78711, both on June 24, 2015.

/s/ JOHN BENNETT
John Bennett